*All Counsel listed on signature page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MASSIVELY PARALLEL INSTRUMENTS, INC., | CASE NO. 3:15-cv-01400-WHA |
| | **[PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| Plaintiff, | |
| v. | |
| WATERS CORPORATION and WATERS TECHNOLOGIES CORPORATION, | |
| Defendants. | |

1    Plaintiff Massively Parallel Instruments, Inc. ("Plaintiff" or "MPI") and Defendants

2  Waters Corporation and Waters Technologies Corporation ("Defendants" or "Waters")

3  (collectively, "the parties") hereby stipulate as follows:

4  **1.      PURPOSE**

5    This Order will govern discovery of electronically stored information ("ESI") in this

6  case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the

7  Discovery of Electronically Stored Information, and any other applicable orders and rules.  It is

8  intended to streamline ESI production to promote a "just, speedy, and inexpensive

9  determination" of this action, as required by Federal Rule of Civil Procedure 1.

10  **2.      COOPERATION**

11    The parties are aware of the importance the Court places on cooperation and commit to

12  cooperate in good faith throughout the matter consistent with this Court's Guidelines for the

13  Discovery of ESI.

14  **3.      LIAISON**

15    Each Party agrees to designate an ESI Liaison who is and will be knowledgeable about

16  and responsible for discussing their respective ESI.  Each ESI liaison will be, or have access to

17  those who are, knowledgeable about the technical aspects of e-discovery, including the

18  location, nature, accessibility, format, collection, search methodologies, and production of ESI

19  in this matter.  The parties will rely on the ESI liaisons, as needed, to confer about ESI and to

20  help resolve disputes without court intervention.  Any Party is free to change their designated

21  ESI Liaison by providing written notice to the other Party.

22  **4.      PRESERVATION**

23    The parties have discussed their preservation obligations and needs and agree that

24  preservation of potentially relevant ESI will be reasonable and proportionate.  The parties have

25  discussed the subject matter of potentially relevant ESI that should be preserved and have

26  taken appropriate steps to preserve such information.

27    To reduce the costs and burdens of preservation and to ensure proper ESI is preserved,

28  the parties agree that:

[PROPOSED] STIPULATED ORDER RE:
DISCOVERY OF ESI
CASE NO. 3:15-cv-01400-WHA

a) Back-up tapes or other materials retained primarily for back-up or disaster recovery purposes, whether in tape, floppy disk, optical disk, or similar formats are deemed not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, are not subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.

b) Similarly, in view of the needs of the case and the amount in controversy, and in order to streamline the discovery process, the parties agree that the following sources of ESI need not be preserved, searched or produced:

- Deleted, slack, fragmented, or other data only accessible by forensics.
- Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
- On-line access data such as temporary internet files, history, cache, cookies, and the like.
- Data in metadata fields that are frequently updated automatically, such as last-opened dates.
- Voice messages.
- Instant messages.
- Text messages or similar mobile message formats (e.g. iMessages).
- Electronic mail sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.
- Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.
- Logs of calls made from mobile devices.
- Server, system or network logs.

1            • Electronic data temporarily stored by laboratory equipment or attached

2               electronic equipment, provided that such data is not ordinarily preserved

3               as part of a laboratory report.

4            • Data remaining from systems no longer in use that is unintelligible on

5               the systems in use.

6       c)  Archives stored on computer servers, external hard drives, notebooks, or

7          personal computer hard drives that are created primarily for back-up or disaster

8          recovery purposes and not used as reference materials in the ordinary course of

9          a party's business operations need not be searched or produced absent good

10         cause, and further subject to the producing party's claim of undue burden or

11         cost or other objections.  No party need deviate from the practices it normally

12         exercises with regard to preservation of such "back-up tapes or other materials

13         retained primarily for back-up or disaster recovery purposes" that it does not

14         otherwise exercise when not in anticipation of litigation (e.g., recycling of back-

15         up tapes is permitted).  If responsive documents are located on a centralized

16         server or network, the producing party shall not be required to search for

17         additional copies of such responsive documents that may be located on the

18         personal computer, or otherwise in the possession, of individual employees

19         absent a showing of good cause that the production of such additional copies is

20         necessary.  No party need deviate from the practices it normally exercises with

21         regard to preservation of such "additional copies" that it does not otherwise

22         exercise when not in anticipation of litigation (e.g., recycling of back-up tapes is

23         permitted).

24  **5.    COST-SHIFTING**

25         As in all cases, costs may be shifted for disproportionate ESI production requests

26  pursuant to Federal Rule of Civil Procedure 26.  Likewise, a party's nonresponsive or dilatory

27  discovery tactics will be cost-shifting considerations.  A party's meaningful compliance with

28

1    this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting

2    determinations.

3    **6.      DOCUMENTS PROTECTED FROM DISCOVERY**

4         a)   Pursuant to Fed. R. Evid. 502(d), the inadvertent (i.e. absent intentional waiver)

5              production of a privileged or work-product-protected document is not a waiver of

6              privilege or protection from discovery in this case or in any other federal or state

7              proceeding. For example, the mere production of privileged or work-product-

8              protected documents in this case as part of a mass production is not itself a waiver

9              in this case or in any other federal or state proceeding.

10        b)   Communications involving trial counsel that post-date the filing of the complaint

11             need not be placed on a privilege log.  Communications may be identified on a

12             privilege log by category, rather than individually, if appropriate.  For each

13             document withheld or redacted, the Privilege Log shall contain the following

14             information: (i) the date of the document; (ii) the identity of all persons who

15             authored, signed or otherwise prepared the document; (iii) the identity of all persons

16             designated as addressees or copyees, including blind copyees; (iv) a description of

17             the contents of the document that, without revealing information itself privileged or

18             protected, is sufficient to understand the subject matter of the document and the

19             basis of the claim of privilege or immunity; (vi) the type or nature of the privilege

20             asserted (*e.g.*, attorney-client privilege, work product doctrine, common interest,

21             etc.); (vii) the unique document number assigned to the withheld document; and

22             (viii) the Bates numbers corresponding to the first and last page of any redacted

23             document, if the document has been assigned any such Bates numbers.  Any email

24             message (whether produced individually or as part of a series or chain of emails

25             linked together by email responses and forwarding) that is withheld or redacted on

26             the grounds of privilege, immunity or any similar claim shall be logged as one

27             document and shall be identified by the top-most email in the thread that is withheld

28             or redacted (*e.g.*, if a party withholds on the basis of privilege an email thread

4

1  consisting of a sent email, a first reply email and a second reply email, the thread

2  shall be identified by the second reply email; if a party produces the same email

3  thread but redacts the sent email and the first reply email, the thread shall be

4  identified by the first reply email) . The parties shall not be required to log identical

5  copies of an email that is included in a thread that has been logged in accordance

6  with this Paragraph.  The parties hereby agree to exchange privilege logs by no later

7  than four weeks after the document production to which each log relates.

8    c)  Testifying experts shall not be subject to discovery on any draft of their reports in

9  this action and such draft reports, notes, or outlines for draft reports are also exempt

10  from production and discovery.  No discovery can be taken from any non-testifying

11  expert except to the extent that the non-testifying expert has provided information,

12  opinions, or other materials to a testifying expert, who relies upon such information,

13  opinions, or other materials in forming his or her final report, or any opinion in this

14  action.  No conversations or communications between counsel and any testifying or

15  non-testifying expert, including emails or correspondence, will be subject to

16  discovery unless the conversations or communications are relied upon by a

17  testifying expert in formulating his or her final report, or any opinion in this action.

18  Materials, communications, and other information exempt from discovery under

19  this paragraph shall be treated as attorney work product for the purposes of this

20  action.

21    d) If a party believes that it cannot process or produce documents or information

22  because doing so would require it to violate any foreign laws, including data

23  privacy or blocking laws, the parties agree to meet-and-confer about those issues

24  and seek guidance from the court if necessary.

25  **7.**  **MANNER OF SERVICE**

26      The following memorializes the parties' agreement regarding electronic service

27  applicable to service occurring on or after the date this stipulation is filed.  The parties will

28  serve all documents related to this Litigation by 11:59 PM Pacific Time on the day of service,

1  and such service shall constitute timely service on that day.  Where service of is not made

2  through the ECF, service may be made by electronic mail to counsel of record (identified

3  below), with the filed, submitted, or produced documents attached in .pdf format.  When the

4  size of the file containing any such document(s) are too large for service by electronic mail,

5  service may be made by hand delivery or by Federal Express (or similar means) for next day

6  delivery, and a CD, diskette, FTP site or other means of electronically providing the documents

7  being served shall be provided.  Where service is made by via FTP or any other electronic

8  means where the documents are immediately available to the receiving party, service shall be

9  effective on the day access is provided to the receiving party.  Where service is made by next

10  day delivery, service shall be effective on the day received.  The Parties may electronically

11  serve large documents via an FTP site in accordance with the same rules applicable to e-mail.

12  All discovery requests shall be served by electronic means in .pdf format accompanied by

13  a Word version for use by the receiving party.  All responses and objections thereto (but not

14  necessarily documents produced pursuant to any such request) shall be served by electronic mail

15  in a searchable .pdf format.

16  All such electronic service under this agreement will be effective as if service had been

17  accomplished by hand delivery, i.e., 3 days will not be added under the Federal Rules or any

18  local rule.  The parties designate the following counsel to receive documents pursuant to this

19  stipulation:

20

21

22

23

24

25

26

27

28

| Party | Service by E-mail | Service by Hand |
|-------|-------------------|-----------------|
| MPI | tbrown@kilpatricktownsend.com <br> mmeyer@kilpatricktownsend.com | Theodore G. Brown, III <br> *tbrown@kilpatricktownsend.com* <br> Matthew J. Meyer <br> *mmeyer@kilpatricktownsend.com* <br> Kilpatrick Townsend & Stockton, LLP <br> 1080 Marsh Road <br> Menlo Park, CA 94025 |

6

| Waters | lawrence.gotts@lw.com<br>waterspatentlitigation.lwteam@lw.com | Lawrence J. Gotts<br>*lawrence.gotts@lw.com*<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004-1304<br>Telephone:  (202) 637 2384<br>Facsimile:   (202) 637 2201 |
| | aslan.baghdadi@plumsea.com<br>waterslitigation@plumsea.com | Aslan Baghdadi<br>*aslan.baghdadi@plumsea.com*<br>PLUMSEA LAW GROUP LLC<br>6710A Rockledge Dr., Ste. 400<br>Bethesda, MD 20817 |

## 8.    MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:  November 19, 2015

Respectfully submitted,

By: /s/ Matthew J. Meyer
     Matthew J. Meyer

Theodore G. Brown, III
*tbrown@kilpatricktownsend.com*
Matthew J. Meyer
*mmeyer@kilpatricktownsend.com*
Kilpatrick Townsend & Stockton, LLP
1080 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 326-2400
Fax: (650) 326-2422

Attorneys for Plaintiff
MASSIVELY PARALLEL
INSTRUMENTS, INC.

[PROPOSED] STIPULATED ORDER RE:
DISCOVERY OF ESI
CASE NO. 3:15-cv-01400-WHA

1   Dated:  November 19, 2015

2                                   Respectfully submitted,

3                                   By: /s/ David F. Kowalski
                                           David F. Kowalski

4                                   Lawrence J. Gotts (*pro hac vice*)
                                    lawrence.gotts@lw.com
5                                   LATHAM & WATKINS LLP
                                    555 Eleventh Street, NW
6                                   Suite 1000
                                    Washington, DC 20004-1304
7                                   Telephone:  (202) 637 2384
                                    Facsimile:   (202) 637 2201

8                                   Andrew J. Fossum (SBN 250373)
                                    andrew.fossum@lw.com
9                                   LATHAM & WATKINS LLP
                                    811 Main Street, Suite 3700
10                                  Houston, TX  77002
                                    Telephone: (713) 546-5400
11                                  Facsimile:  (713) 546-5401

12                                  David F. Kowalski (SBN 265527)
                                    david.kowalski@lw.com
13                                  LATHAM & WATKINS LLP
                                    12670 High Bluff Drive
14                                  San Diego, CA 92130
                                    Telephone: (858) 523-5400
15                                  Facsimile:  (858) 523-5450

16                                  Aslan Baghdadi (*pro hac vice*)
                                    aslan.baghdadi@plumsea.com
17                                  PlumSea Law Group, LLC
                                    6710A Rockledge Drive, Suite 400
18                                  Bethesda, MD 20817
                                    Telephone: (301) 365-9040
19
                                    Attorneys for Defendants
20                                  WATERS CORPORATION and
                                    WATERS TECHNOLOGIES
21                                  CORPORATION

22                          **SIGNATURE ATTESTATION**

23        Pursuant to Civil L.R. 5.1, I hereby attest that I have obtained the concurrence in the

24   filing of this document from all the signatories for whom a signature is indicated by a

25   "conformed" signature (/s/) within this e-filed document and I have on file records to support this

26   concurrence for subsequent production for the Court if so ordered or for inspection upon request.

27   Dated:  November 19, 2015              By: /s/ David F. Kowalski
                                                   David F. Kowalski
28

[PROPOSED] STIPULATED ORDER RE:
DISCOVERY OF ESI
CASE NO. 3:15-cv-01400-WHA

1    **IT IS ORDERED** that the forgoing Agreement is approved.

2

3    Dated: _November 20, 2015._

4                                                WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED ORDER RE:
DISCOVERY OF ESI
CASE NO. 3:15-cv-01400-WHA